**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:     (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Melissa.Nold@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY O'NEIL, individually and as successor-in-interest to Decedent KEITA O'NEIL,<br><br>              Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; CHRISTOPHER SAMAYOA, individually and in his capacity as a City of San Francisco Police Officer; and DOES 1-50, inclusive.<br><br>              Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C § 1983)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This civil rights and wrongful death action arises out of the December 1, 2017 execution of Keita O'Neil, an unarmed 42 year-old man, by rookie San Francisco Police Officer Christopher Samayoa. This despicable incident was inadvertently caught on Officer Samayoa's body camera while he and his yet-to-be-identified San Francisco Police Department Field

Training Officer (hereinafter DOE 1) were pursuing Mr. O'Neil down Fitzgerald Avenue in their patrol car. Mr. O'Neil, who was allegedly driving a stolen van, began to slow the van down and open the driver door as he neared the intersection of Fitzgerald Avenue and Griffith Streets. He brought the van to a near stop, jumped out and began running away from it. Next, the video shows Officer Samayoa willfully and intentionally aiming his gun at Mr. O'Neil from inside of the moving patrol car and shooting the unarmed man as he attempted to run past it. Neither Officer warned Mr. O'Neil they intended to shoot nor, did they give him any commands prior to opening fire. When Officer Samayoa fired the fatal shot through the patrol car window, Mr. O'Neil did not pose a deadly threat to the Officers' safety or to the general public. Mr. O'Neal leaves behind a grieving elderly mother.

2.   Officer Samayoa had recently graduated from the police academy and had only been patrolling the street for four days. He shot and killed Mr. O'Neil on his fourth day of field training and was under the supervision of DOE 1, his Field Training Officer, who woefully and inexplicably failed to prevent the rookie officer from killing an unarmed man. Neither officer had their body cameras activated during the pursuit, a violation of department policy. Although Officer Samayoa turned his body camera on *after* the shooting, his camera actually recorded the 30 seconds preceding him pushing its activation button.

## JURISDICTION

3.   This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## PARTIES

4.   Decedent, KEITA O'NEIL, was an individual residing in SAN FRANCISCO, CALIFORNIA at the time of his death. Decedent was unmarried and did not have any children.

5.   Plaintiff, JUDY O'NEIL, sues in her individual capacity as Decedent's mother and in representative capacity as successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60. Decedent's father predeceased him.

6.   Defendant CITY AND COUNTY OF SAN FRANCISCO ("hereinafter Defendant") is,

and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF SAN FRANCISCO POLICE DEPARTMENT.

7. Defendant CHRISTOPHER SAMAYOA was, and at all times mentioned herein, is a police officer for the City of San Francisco, and is sued in his individual and official capacity.

8. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control and in violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

9. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City and County of San Francisco.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

12. On December 1, 2017, at approximately 10:30 a.m., San Francisco Police Department Officers Christopher Samayoa and another yet-to-be-identified San Francisco Police Department Officer (DOE 1) were following a white minivan, through the Bayview neighborhood of San Francisco. The van was allegedly stolen earlier in the day, but the suspect was not reported to be

armed. The van was being driven by Mr. Keita O'Neil. Portions of this incident were captured on surveillance and body worn cameras.

13. DOE 1 was driving the first responding patrol car. San Francisco Police Officer Christopher Samayoa was riding in the passenger seat of the patrol car. At the time of this incident, DOE 1 was acting in the capacity of a Field Training Officer and was responsible for training and supervising Officer Samayoa. Officer Samayoa who was a recent police academny graduate was on his fourth day of field training.

14. After a brief pursuit, the van went around a corner and arrived at a deadend near the intersection of Fitzgerald and Griffith Street. Before Mr. O'Neil even rounded the corner just prior to stopping, Officer Samayoa can be seen cracking the patrol car door, manipulating his handgun and raising it towards his closed passenger side window, while he was still sitting inside of the moving patrol car. Mr. O'Neil immediately got out of the van, unarmed. As the patrol car began to roll to a stop next to the van, Mr. O'Neil attempted to run past the passenger side of the patrol car.

15. Before Mr. O'Neil could even clear the front window of the patrol car, Officer Samayoa can be seen willfully and deliberately aiming his gun at the unarmed man. Just before Officer Samayoa fires his deadly missile, Mr. O'Neil can be seen with his head facing straight forward, not attempting to confront or contact the officers whatsoever.  He appeared to be attempting to evade the Officers which can be considered a misdemeanor crime. Inexplicably, as soon as Officer Samayoa saw Mr. O'Neil's head in the gun's sight, he opened fire.  He fired his bullet through the closed passenger window of the moving patrol car, causing the glass to shatter.  The bullet struck Mr. O'Neil between his neck and collar bone, immediately knocking him to the ground.

16. After opening fire on Mr. O'Neil, Officer Samayoa can be seen exiting the patrol car and backing away from it. Immediately after the gunshot, DOE 1 can be seen walking around the back of the car toward Mr. O'Neil, without so much as removing his handgun, demonstrating he did not believe Mr. O'Neil posed a deadly threat to the Officers.

17. At the time of the fatal shot, Mr. O'Neil was unarmed and did not present an immediate threat to the officers or anyone else.  Specifically, both Officers were still located inside the safety of the patrol car and nobody else was standing nearby.  Nevertheless, during the incident, it does not appear that DOE 1 made any attempts to prevent his trainee from opening fire on the

unarmed man. In fact, immediately before the fatal shot was fired, Mr. O'Neil is shown on video looking straight ahead into the distance while attempting to simply run past the patrol car.

18. It appears that Officer Samayoa opened fire on Mr. O'Neil while the patrol car was still moving, in violation of San Francisco Police Department policy. At the time of the shooting, neither Officer had their body cameras activated which is also a violation of San Francisco Police Department policy. DOE 1, never turned on his camera, even after his trainee opened fire on an unarmed man, despite being the person assigned to train Officer Samayoa on the Department's policies and procedures. In fact, Officer Samayoa only turned on his camera AFTER he shot Mr. O'Neil. However, body worn cameras are programmed to record the 30 seconds of time preceeding the activation of the camera, without an accompanying audio track, which resulted in the shooting inadvertantly being caught on camera, absent the accompanying audio track.

19. Plaintiff is informed, believes and thereon alleges that CCSF knew, had reason to know by way of actual or constructive notice that SFPD officers are inadequately trained in the proper assessment and use of deadly force, which has resulted in the unwarranted death of citizens.

20. Plaintiff is informed, believes and thereon alleges that CCSF knew, had reason to know by way of actual or constructive notice that SFPD supervisory staff and/or training personnel fail to adequately supervise new police officers and/or police officer trainees.

21. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

22. As a proximate result of Defendants' conduct, Plaintiff was mentally and emotionally injured and damaged, including but not limited to Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral

support as a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment.

23. Plaintiff, as successor-in-interest to Decedent, KEITA O'NEIL, is entitled to recover damages pursuant to the Decedent's right of survivorship for the pain and suffering Decedent endured as a result of the violation of Decedent's civil rights.

24. Plaintiff found it necessary to engage the services of private counsel to vindicate the Decedent and Plaintiff's rights under the law. Plaintiff is entitled to an award of reasonable attorney's fees and/or costs pursuant to statute(s) in the event that Plaintiff is the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985, 1986, and 1988.

25. The conduct of the Defendant Police Officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment –Survival Action - Excessive Force under 42 U.S.C. Section 1983)**
*(*Plaintiff as Successor-in-Interest to Decedent KEITA O'NEIL v. Defendants SAMAYOA and DOE 1*)*

26. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. When Officer Samayoa unlawfully shot and killed Decedent without lawful justification or warning, and Defendant DOE 1 failed to intercede, they deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution. The Defendant Officer's actions were excessive and unreasonable, especially because decedent was unarmed, Officers were safely within the confines of their patrol car, no civilians were nearby and Decedent was simply trying to flee. Decedent was forced to endure conscious pain and suffering from the deadly wound caused by Defendant Officer's conduct. Further, field training officer DOE 1, failed to

intervene when he saw his trainee aiming his firearm at an unarmed suspect, who posed no immediate threat of harm to the officers or the public, in violation of his training and supervisory requirements.

28. As a result of their misconduct, each of the Doe Defendant Officers is liable for Decedent's injuries, either because they were an integral participant in, or failed to intervene in, the conduct described above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Fourteenth Amendment – Violations of Plaintiff's
Right to Familial Relationship under 42 U.S.C. Section 1983)
(Plaintiff JUDY O'NEIL individually v. Defendants SAMAYOA and DOE 1)

29. Plaintiff hereby re-alleges and incorporate by reference herein paragraphs 1 through 28 of this Complaint.

30. Defendants acting under color of state law, and without due process of law, deprived Plaintiff of her right to a familial relationship with her son, by seizing Decedent by use of unreasonable and unjustifiable deadly force causing injuries that resulted in Decedent's death in violations of their rights secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)
(Plaintiff JUDY O'NEIL as Successor-in-Interest to Decedent KEITA O'NEIL v. Defendant City and County of San Francisco and Does 26-50)

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1-30 of this complaint.

32. Plaintiff is informed and believes and thereon alleges that high ranking CITY AND COUNTY OF SAN FRANCISCO officials, including Defendants, and DOES 1-50, and/or each of them, knew and/or reasonably should have known that SFPD police officer trainees and/or SFPD police academy graduates are inadequately trained.

33. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the employment of inadequately trained police officer trainees and/or police academy graduates.

34. Plaintiff is informed and believes and thereon alleges that high ranking CITY AND COUNTY OF SAN FRANCISCO officials, including Defendants, and DOES 1-50, and/or each of them, knew and/or reasonably should have known that SFPD supervisory and training staff fail to adequately supervise SFPD officers and trainees.

35. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the failure to adequately supervise SFPD officers and trainees.

36. The injuries and damages to Decedent and Plaintiff as alleged herein were the foreseeable and proximate result of said inadequate training and/or inadequate supervision of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them.

37. Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training and supervision of the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO.

38. The aforementioned failure to train and/or supervise Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them, resulted in the deprivation of Decedent and Plaintiff's constitutional rights including, but not limited to, violations of the Fourth and Fourteenth Amendment.

39. The aforementioned inadequate training and supervision of SFPD officers resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as

guaranteed by the Fourteenth Amendment to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

40. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

41. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a);
5. Any and all permissible statutory damages;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

December 18, 2017                               **Law Offices of John L. Burris**

                                                              **/s/ John L. Burris**
                                                              John L. Burris
                                                              Attorneys for Plaintiffs