DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3863
Facsimile: (415) 554-3837
E-Mail: sean.connolly@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
CHRISTOPHER SAMAYOA AND EDRIC TALUSAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY O'NEIL, individually and as successor-in-interest to Decedent KEITA O'NEIL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; CHRISTOPHER SAMAYOA, individually and in his capacity as a City of San Francisco Police Officer; EDRIC TALUSAN, individually and in his official capacity as a San Francisco Police Officer; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 17-cv-07190 JCS<br><br>**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, CHRISTOPHER SAMAYOA AND EDRIC TALUSAN'S ANSWER TO FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

Defendants City and County of San Francisco, Christopher Samayoa and Edric Talusan ("Defendants") hereby respond to plaintiff's First Amended Complaint ("FAC").

On December 1, 2017, decedent Keita O'Neil and several accomplices terrorized and robbed an unsuspecting 62 year old woman who was attempting to carry out her duties as a delivery van driver near 23rd and Wisconsin Streets in San Francisco's Potrero Hill District. O'Neil stole the woman's keys, took the woman's phone and destroyed it in an apparent attempt to prevent her from calling the police, and carjacked the woman's van. O'Neil sped off in the van as his accomplices followed in another car. A good Samaritan called 911 to notify police. O'Neil had a history of felony convictions for drugs, theft, and robbery.

San Francisco police units soon located the stolen van and the accomplice's car driving at a high rate of speed southbound on Hwy. 101. The van and the accomplice's car exited near Candlestick point and attempted to evade police by splitting from each other and driving in different directions. Other police units joined to pursue the two suspect cars.

O'Neil was the sole occupant and driver of the stolen van. Defendant Officers Samayoa and Talusan saw the speeding van near Ingalls and Gilman Streets and pursued it into the Doublerock housing development. Officer Talusan drove with Officer Samayoa in the passenger seat. O'Neil drove at a dangerously high rate of speed through the residential area hitting a parked car. The van then abruptly turned into a dead end street at which point O'Neil jumped from the van while it was still moving, leaving it unattended, as it careened into the dead end. Officers Samayoa and Talusan's patrol car was slightly behind and adjacent to the driver side door of the van as O'Neil jumped from the van and ran back towards them.

At that precise moment, Officer Samayoa was sitting vulnerable in the passenger seat of the patrol car. As O'Neil exited the moving van, he appeared to abruptly reach into his waistband, an area where weapons are commonly concealed, and rushed toward the officers. Based on O'Neil's attempt to evade police, his abrupt exit from the van when he faced a dead end, reaching into his waistband, rushing toward him, and Samayoa's vulnerable position seated in the passenger seat, Officer Samayoa reasonably believed that O'Neil intended to shoot or harm him or his partner Officer Talusan in an attempt to avoid capture. Given how quickly the events unfolded, Officer Samayoa had a split second to determine whether O'Neil posed a legitimate threat. Officer Samayoa lawfully resorted to the

justified use of lethal force in response to his honest and reasonable belief that at that moment O'Neil posed an imminent threat of death or serious bodily injury.

Contrary to plaintiff's assertions, the video tape, purposefully activated by the officer in an attempt to memorialize the event, does not fully capture the officers' perspective, nor every fact that existed at the time of the shooting. All video footage has inherent technological and perspective limitations that prevent it from providing a complete depiction of any event.

**DEFENDANTS ANSWER PLAINTIFF'S SPECIFIC PARAGRAPHS AS FOLLOWS**:

1. Defendants deny the allegations in this paragraph.
2. Defendants deny the allegations in this paragraph.

**JURISDICTION**

3. Defendants deny that plaintiff has a lawful action. Defendants deny committing any violation of any law, has no information as to whether plaintiff is a proper plaintiff, and on that basis denies any allegation contained in this paragraph. Jurisdiction and venue appear to be proper.

**PARTIES**

4. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

5. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

6. Defendants admit the truth of this paragraph.

7. Defendants admit that Officer Samayoa was a San Francisco Police Officer at the time of the incident.

8. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

9. Defendants admit that they acted within the course and scope of their employment, but deny doing any unlawful act.

10. Defendants admit that they acted under color of law, but deny doing any unlawful act.

11. Defendants deny this paragraph as unintelligible and meaningless.

**STATEMENT OF FACTS**

12. Defendants deny this paragraph, except for the following clarifications: On December 1, 2017, decedent Keita O'Neil and several accomplices terrorized and robbed an unsuspecting 62 year old woman who was attempting to carry out her duties as a delivery van driver near 23rd and Wisconsin Streets in San Francisco's Potrero Hill District. O'Neil stole the woman's keys, took the woman's phone and destroyed it in an apparent attempt to prevent her from calling the police, and carjacked the woman's van. O'Neil sped off in the van as his accomplices followed in another car. A good Samaritan called 911 to notify police. O'Neil had a history of felony convictions for drugs, theft, and robbery.

13. Defendants admit this paragraph with the following clarifications: Soon after the robbery and carjack, San Francisco police units located the stolen van and the accomplice's car driving at a high rate of speed southbound on Hwy. 101. O'Neil was the sole occupant and driver of the stolen van. The van and the accomplice's car exited near Candlestick point and attempted to evade police by splitting from each other and driving in different directions. Other police units joined to pursue the two suspect cars. Defendant Officers Samayoa and Talusan saw the speeding van near Ingalls and Gilman Streets and pursued it into the Doublerock housing development.

14. Defendants deny the characterizations in this paragraph. O'Neil drove at a dangerously high rate of speed through the residential area hitting a parked car. The van then abruptly turned into a dead end street at which point O'Neil jumped from the van while it was still moving, leaving it unattended, as it careened into the dead end. Officers Samayoa and Talusan's patrol car was slightly behind and adjacent to the driver side door of the van as O'Neil jumped from the van and ran back towards them. At that precise moment, Officer Samayoa was sitting vulnerable in the passenger seat of the patrol car. As O'Neil exited the moving van, he appeared to abruptly reach into his waistband, an area where weapons are commonly concealed, and rushed toward the officers. Based on O'Neil's attempt to evade police, his abrupt exit from the van when he faced a dead end, reaching into his waistband, rushing toward him, and Samayoa's vulnerable position seated in the passenger seat,

Officer Samayoa reasonably believed that O'Neil intended to shoot or harm him or his partner Officer Talusan in an attempt to avoid capture.

15. Defendants deny the characterizations made in this paragraphs as incorrect and self-serving. As O'Neil exited the moving van, he appeared to abruptly reach into his waistband, an area where weapons are commonly concealed, and rushed toward the officers. Based on O'Neil's attempt to evade police, his abrupt exit from the van when he faced a dead end, reaching into his waistband, rushing toward him, and Samayoa's vulnerable position seated in the passenger seat, Officer Samayoa reasonably believed that O'Neil intended to shoot or harm him or his partner Officer Talusan in an attempt to avoid capture.

16. Defendants deny the allegations in this paragraph, except for the allegation that Officer Samayoa exited his patrol car and walked toward the rear of the car.

17. Defendants deny the characterizations made in this paragraphs as incorrect and self-serving. As O'Neil exited the moving van, he appeared to abruptly reach into his waistband, an area where weapons are commonly concealed, and rushed toward the officers. Based on O'Neil's attempt to evade police, his abrupt exit from the van when he faced a dead end, reaching into his waistband, rushing toward him, and Samayoa's vulnerable position seated in the passenger seat, Officer Samayoa reasonably believed that O'Neil intended to shoot or harm him or his partner Officer Talusan in an attempt to avoid capture. Defendant officers did not and could not have known whether O'Neil was actually armed with weapon at the time of the incident. They only knew that O'Neil's actions suggested he might be.

18. Defendants deny the characterizations in this paragraph as incorrect and self-serving. The fact that the body worn camera captured the shooting is proof that the officer deliberately activated the camera. Plaintiff's suggestion that the recording was accidental is meritless.

19. Defendants deny the allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

# DAMAGES

22. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

23. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

24. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

25. Defendants deny the allegations in this paragraph.

# FIRST CAUSE OF ACTION

**(Fourth Amendment – Survival Action – Excessive Force Under 42 U.S.C. Section 1983)**
(Plaintiff as Successor-in-Interest to Decedent KEITA O'NEIL v. Defendants SAMAYOA and TALUSAN)

26. Defendants reincorporate its responses to paragraphs 1-25.

27. Defendants deny the allegations in this paragraph.

28. Defendants deny the allegations in this paragraph.

# SECOND CAUSE OF ACTION

**(Fourteenth Amendment - Violations of Plaintiff's Rights to Familial Relationship under 42 U.S.C. Section 1983)**
(Plaintiff JUDY O'NEIL v. Defendants SAMAYOA and TALUSAN)

29. Defendants reincorporate its responses to paragraphs 1-28.

30. Defendants deny the allegations in this paragraph.

# THIRD CAUSE OF ACTION

**(Municipal Liability for Unconstitutional Custom or Police (Monell)-42 U.S.C. Section 1983)**
(Plaintiff JUDY O'NEIL as Successor-in-Interest to Decedent KEITA O'NEIL v. Defendant City and County of San Francisco and Does 26-50)

31. Defendants hereby incorporate by reference all previous responses as if set forth in full.

32. Defendants deny any and all allegations contained in this paragraph.

|  |  |  |
|---|---|---|
| 1 | 33. | Defendants deny the allegations contained in this paragraph. |
| 2 | 34. | Defendants deny any and all allegations contained in this paragraph. |
| 3 | 35. | Defendants deny any and all allegations contained in this paragraph. |
| 4 | 36. | Defendants deny any and all allegations contained in this paragraph. |
| 5 | 37. | Defendants deny any and all allegations contained in this paragraph. |
| 6 | 38. | Defendants deny any and all allegations contained in this paragraph. |
| 7 | 39. | Defendants deny any and all allegations contained in this paragraph. |

40. Defendants admit the allegations contained in this paragraph as they relate to Constitutional protection, but deny any violations thereof.

**JURY DEMAND**

41. Defendants join the request for a jury trial.

**PRAYER**

Responding to the allegations in plaintiff's prayer of the First Amended Complaint, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in those paragraphs, and, on that basis, defendants deny the allegations.

Defendants further deny any allegation inadvertently unaddressed, and any and all prayer for damages.

**SEPARATE AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Assumption of Risk - Peril)

Defendants allege that decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the FAC herein; that decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiff was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

## THIRD AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Defendants allege that decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the FAC herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said FAC; and that the loss or damage, if any, sustained by the plaintiff was caused by said risks that were accepted and voluntarily assumed by decedent.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendants allege that the FAC and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any, from defendants.

## FIFTH AFFIRMATIVE DEFENSE

(Defendants' Act Not A Proximate Cause)

Defendants state that any act or omission on the part of these answering defendants, their agents or employees, was not the proximate cause of plaintiff's injury.

## SIXTH AFFIRMATIVE DEFENSE

(Denial of Damages)

Defendants deny that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendants allege that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

## EIGHTH AFFIRMATIVE DEFENSE

(Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The FAC and each cause of action therein are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Proper Conduct)

As a separate and affirmative defense to the FAC and to each and every allegation contained therein, defendants allege that at all times and places mentioned in the FAC, defendants acted without malice and with a good faith belief in the propriety of its conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

(Privilege)

As a separate and affirmative defense to the FAC and to each and every allegation contained therein, defendants allege that their conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

## TWELFTH AFFIRMATIVE DEFENSE

(Immunities)

As a separate and affirmative defense to the FAC and to each and every allegation contained therein, defendants assert the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Immunity: Exemplary Damages)

Defendants allege that San Francisco, as a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

Defendants' Answer to PL's FAC 9 n:\lit\li2018\180642\01255790.docx
O'Neil v. CCSF, et al., No. 17-cv-7190 JCS

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Decedent's Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in plaintiff's FAC herein, decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the FAC; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendants allege that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of San Francisco employees acting within the course and scope of their employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in California Government Code section 820.2 and its related provisions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Privilege)

Defendants allege that if any force was used by defendants against the decedent herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Justified Use of Force)

The FAC and each cause of action therein is barred because the use of force against the decedent by the employees of defendant, if any, was privileged and justified.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that decedent was negligent in and about the matters and activities alleged in the FAC; that decedent's negligence contributed to and was a proximate cause of decedent and/or plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against defendants by virtue of

the FAC, defendants pray that the recovery be diminished or extinguished by reason of the negligence of the decedent in proportion to the degree of fault attributable to the decedent.

## NINETEENTH AFFIRMATIVE DEFENSE

(Arrest)

Defendants allege that if any force was used to effect the arrest of the decedent herein by the Doe defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof, plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

## TWENTIETH AFFIRMATIVE DEFENSE

(Resisting Arrest)

Defendants allege that decedent was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that decedent breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of decedent's breach of this duty plaintiff is barred from recovery for any loss or damage plaintiff may have incurred, if any there be.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Plaintiff/Decedent Assaulted Police)

Defendants allege that at all times mentioned in plaintiff's FAC herein, decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by plaintiff were proximately caused by the necessary use of said reasonable force on the person of decedent and not otherwise; and that by reason of decedent instituting said vicious and violent assault on the persons of said arresting officers, decedent's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiff's claim, if any, is barred by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Prevent Injury/Escape)

Defendants allege that no more force was used on decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendants allege that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Immunity from Injury Caused by Person Resisting Arrest)

Defendants allege that, pursuant to California Government Code section 845.8, defendants are immune from liability as a matter of law for injury caused to plaintiff by a person resisting arrest.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to State Relief Under 42 U.S.C. 1983)

Defendants allege that plaintiff has failed to allege facts in the FAC sufficient to state a claim for relief under 42 U.S.C. 1983 against defendants, their agents, employees and particularly its police officers.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(City and County of San Francisco Not a Proper Party)

Defendants allege that plaintiff has failed to allege sufficient, specific facts against defendant CCSF, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Mutual Combat)

Defendants allege that decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the FAC herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said FAC, and that the loss

Defendants' Answer to PL's FAC
O'Neil v. CCSF, et al., No. 17-cv-7190 JCS
12
n:\lit\li2018\180642\01255790.docx

or damage, if any, sustained by plaintiff were caused by said risks, which were accepted and voluntarily assumed by decedent when he engaged in said activity.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Self Defense)

Defendants allege by way of a plea of self-defense that defendant CCSF employees honestly and reasonably believed that decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiff.

### ADDITIONAL AFFIRMATIVE DEFENSES

1. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing from Defendants;
2. That the First Amended Complaint against Defendants be dismissed with prejudice;
3. That Defendants recover their costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

////
////
////
////
////
////
////

Defendants respectfully demands a jury trial.

Dated: April 20, 2018

                              DENNIS J. HERRERA  
                              City Attorney  
                              CHERYL ADAMS  
                              Chief Trial Deputy  
                              SEAN F. CONNOLLY  
                              Deputy City Attorney

                      By:    */s/ Sean F. Connolly*  
                              SEAN F. CONNOLLY

                              Attorneys for Defendants  
                              CITY AND COUNTY OF SAN FRANCISCO,  
                              CHRISTOPHER SAMAYOA AND EDRIC TALUSAN