1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    JUDY O'NEIL,                          Case No.  17-cv-07190-JCS

8                 Plaintiff,

                                           **ORDER DENYING IN PART MOTION
9          v.                              TO RETAIN CONFIDENTIALITY AND
                                           DENYING ADMINISTRATIVE
10   CITY AND COUNTY OF SAN                 MOTION TO FILE UNDER SEAL**
     FRANCISCO, et al.,
11                                         Re: Dkt. Nos. 134, 136
                 Defendants.

12

13   **I.    INTRODUCTION**

14          This civil case arises from the fatal 2017 shooting of Keita O'Neil.  Defendants the City

15   and County of San Francisco, Edric Talusan, and Christopher Samayoa designated a large portion

16   of the documents they produced in discovery as confidential pursuant to a protective order, and

17   Plaintiff Judy O'Neil—Keita O'Neil's mother—challenged the validity of many of those

18   designations, and Defendants withdrew some of them.  Criminal charges related to the shooting

19   are currently pending against Samayoa, a former police officer.  Defendants now move to retain

20   confidentiality as to several broad categories of documents.  The Court held a hearing on April 30,

21   2021.  For the reasons discussed below, the motion is DENIED as to the only document addressed

22   with any specificity: a photograph of what appears to be a memorial to Mr. O'Neil.

23          The Court declines to resolve the propriety of confidentiality designations for documents

24   not specifically addressed by the parties.  The parties agreed at the hearing that further disputes

25   will be addressed as needed for documents that Plaintiff intends to use for summary judgment or

26   trial.  Plaintiff's administrative motion to file under seal (dkt. 136) is DENIED.[1]

27   _____

28   [1] The parties have consented to the jurisdiction of a magistrate judge for all purposes pursuant to
     28 U.S.C. § 636(c).

United States District Court
Northern District of California

## II.    BACKGROUND

The Court entered a stipulated protective order in this case allowing parties to designate material produced in discovery as confidential, subject to the following conditions:

> 5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.
>
> Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.
>
> If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

Protective Order (dkt. 39) at 3–4.  The protective order limits the use and disclosure of material designated as confidential, although it generally allows use as needed for the prosecution or defense of the case.  *Id.* at 7–8.

The protective order provides the following procedure for resolving any disputes as to designations.  A party may challenge an opponent's designation of confidentiality at any time "by providing written notice of each designation it is challenging and describing the basis for each challenge," and generally does not waive a challenge by failing to raise it promptly after receiving notice of the designation.  *Id.* at 5.  The parties must meet and confer to attempt to resolve the dispute.  *Id.* at 5–6.  If they are unable to reach an agreement, "the Designating Party shall file and serve a motion to retain confidentiality" and bears the burden of persuasion to show that the document should remain confidential.  *Id.* at 6.  "Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions."  *Id.*

On March 8, 2021, Plaintiff's attorney sent defense counsel a letter challenging the

confidentiality designations of the following categories of documents:

> 1. Homicide Investigative File (CCSF 1-1235)
> 2. DPA Audio Interviews
> 3. Medical Examiners' Report (CCSF 2051-2078)
> 4. Body Worn Cameras (CCSF 2079-2080; 3051; 5059)
> 5. DPA Investigations (CCSF 2081-2499; 2510-2851)
> 6. Police Commission Report (CCSF 2500-2509)
> 7. Incident Reports (CCSF 2852-2893)
> 8. SFPD Notes for Presentation (CCSF 2894-2896)
> 9. Field Training Program (CCSF 2897-2995)
> 10. 911 Call Audio & Dispatch Audio (CCSF 2996-3030; 5005-5030)
> 11. Audio Interviews (CCSF 3031-3049; 5049; 5059; 5063-5079)
> 12. Surveillance Videos (CCSF 3050)
> 13. Scene Photos & Videos (CCSF 5032-5048; 5050-5058;5080-5731; 5934-6037)
> 14. Video Interviews & Training Videos (CCSF 5732-5739; 5758-5777)
> 15. Medical Examiner Photos (CCSF 5779-5833)
> 16. Samayoa BWC Still Shots (CCSF 6038-6533)

Sims Decl. (dkt. 134-1) Ex. A at 1.

Plaintiff's counsel cited section 832.7 of the California Penal Code, which generally provides for public access to records regarding shootings by police officers. *Id.* at 1–2; *see* Cal. Penal Code § 832.7(b)(1)(A). Defense counsel responded that section 832.7(b)(7) of the Penal Code creates an exception to that right of access when criminal charges are pending, and Plaintiff's counsel argued that the Federal Rules of Evidence and general principles of public access to discovery nevertheless prohibit Defendants' broad designations of confidentiality. Sims Decl. Ex. B, C. When the parties met and conferred by telephone, Defendants agreed to withdraw their designations as to 1,231 pages, but the parties were not otherwise able to resolve the dispute. Sims Decl. ¶ 5.

Defendants argue in their motion that disclosure of the documents at issue would influence the jury pool and witnesses for Samayoa's criminal trial, embarrass third-party witnesses (including Mr. O'Neil's alleged accomplices in a carjacking) and members of Mr. O'Neil's family, and imperil public safety by disclosing police tactics in training materials, among other justifications. *See generally* Mot. (dkt. 134). Defendants address the documents at issue in broad categories: (1) interview transcripts and videos; (2) the San Francisco Police Department ("SFPD") homicide file; (3) the San Francisco Department of Police Accountability ("DPA")

3

file; (4) the medical examiner's report and photographs; (5) audio from a 911 call and a police dispatcher; (6) documents regarding an SFPD tactical training course; (7) SFPD incident reports; and (8) photographs and videos from the scene of the shooting. *See id.* Defendants also asserted that the official information privilege or law enforcement privilege applies, *see id.* at 16 & Notice of Mot. ¶ 5, but withdrew that argument in their reply, recasting that portion of their motion as having "only ma[de] a mention of the official information privilege to bolster the argument that the law frequently recognizes that there can be harm to law enforcement officers or agencies when information is publicly disclosed," Reply (dkt. 137). Plaintiff argues in her opposition brief that the burden is on Defendants to justify their designations, Plaintiff should not be required to address specific documents, and the motion should be denied because Defendants have not provided all of the documents at issue to the Court. *See generally* Opp'n (dkt. 135).

## III.    ANALYSIS

### A.    Legal Standard

The Ninth Circuit has addressed the standard for a motion to sustain confidentiality as follows:

> If a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material.
>
> A court considering a motion for a continuation of the protective order must proceed in two steps. First, it must determine whether "particularized harm will result from disclosure of information to the public." As we have explained, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Rather, the person seeking protection from disclosure must "allege specific prejudice or harm." Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance "the public and private interests to decide whether [maintaining] a protective order is necessary." . . . .
>
> But even when the factors in this two-part test weigh in favor of protecting the discovery material (i.e., where the court determines that disclosure of information may result in "particularized harm," and the private interest in protecting the discovery material outweighs the public interest in disclosure), a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure.

United States District Court
Northern District of California

*In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424–25 (9th Cir. 2011) (citations omitted without ellipses; some alterations in original).

The following factors identified by the Third Circuit inform the inquiry:

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

*Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *see In re Roman Cath. Archbishop*, 66 F.3d at 424 (endorsing the factors identified in *Glenmede Trust*).

**B.   The Parties Have Not Presented a Manageable Dispute**

With both parties having largely failed to address the contents of specific documents at issue, the Court is unable to resolve the dispute as to all of the myriad documents for which Plaintiff challenges Defendants' confidentiality designations.

Some of Defendants' arguments likely sweep to far.  For example, the contention that disclosing the "extent and number of staff hours the DPA devoted to this investigation" would unduly influence the jury pool by "reveal[ing] the DPA's impressions regarding how seriously they regarded this matter," Mot. at 20, rests on assumptions not only that a significant portion of the jury pool would be exposed to that information, but also that jurors would infer guilt from the fact that the DPA conducted a thorough investigation.  The latter is particularly questionable, as it is neither surprising nor inherently indicative of guilt that relevant authorities thoroughly investigated a fatal shooting.  Similarly, the assumption that disclosing the "SFPD officers who were interviewed as part of the investigation would unfairly paint these officers as being subject to

United States District Court
Northern District of California

discipline or misconduct" appears to be unfounded, as it is not clear why anyone would infer misconduct rather than such officers having merely been witnesses to the events at issue. *See id.* And Defendants' concern that "Mr. O'Neil's accomplices to the carjacking . . . would be publicly tied to this shooting," *id.* at 18, which "would likely cause them embarrassment," *id.* at 22, rings hollow when Defendants themselves have disclosed those alleged accomplices' names in their publicly-filed motion, *id.* at 9–10. Defendants having already publicly disclosed video footage of the shooting also tends to undermine the degree of additional prejudice that could result from disclosing other objective evidence of the events captured in those videos.[2]

On the other hand, Defendants have a strong interest in preventing the dissemination of (1) prejudicial information to the jury pool for Samayoa's criminal trial, and likely for this case as well; (2) information that might impede or undermine the investigation and prosecution of the criminal case; (3) information that might prejudice the defense in the criminal case; (4) information that may invade the privacy of third parties; and (5) information that might impair other significant interests. Some degree of overcautiousness in designating documents as confidential is therefore understandable.

The dispute resolution process provided in the protective order contemplates narrower disputes than the parties raise here. While it is ultimately Defendants' burden to justify their designations of confidentiality, it is not reasonable to expect Defendants to address thousands of documents in a single motion, nor is it inherently improper for Defendants to have designated a large number of documents as confidential. And while there may be some reason to believe Defendants violated the protective order's prohibition of "[m]ass, indiscriminate, or routinized designations," Protective Order at 4, Plaintiff's failure to identify in her opposition brief or meet-and-confer letter any particular need to disclose the thousands of documents she has challenged raised questions of whether her challenges were "made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties)," *id.* at 6. Counsel's explanation at the hearing—that he seeks clarity as to what can be disclosed or would need to be filed under seal

---

[2] These examples of relatively weak arguments in Defendants' motion are not intended as an exhaustive list.

1   in future proceedings—largely dispels that concern, but does not require immediate action as to all

2   of the documents at issue.  The Court therefore declines at this time to resolve the propriety of the

3   massive number of confidentiality designations in dispute, and addresses in the following

4   subsection of this order only the single document that either party has addressed with any

5   specificity: a photograph of what appears to be a memorial to Mr. O'Neil, consisting of candles

6   and stuffed animals, labeled as CCSF 2469.  Opp'n at 2.

7        The parties agreed at the hearing that the remaining disputes need not be resolved before

8   Plaintiff determines which documents she intends to use for summary judgment or trial, and that

9   they will meet and confer to resolve any such disputes sufficiently in advance of those stages of

10  the case to allow Plaintiff to determine what documents she may disclose in the public record.

11       **C.    Defendants Have Not Shown That the Photograph Is Confidential**

12       Defendants argue that although the photograph of a memorial would "likely not be

13  deserving of confidentiality protection" if it had not been taken as part of the DPA's investigation,

14  but since it was taken in that context, "the very fact that DPA sought to take such a photograph

15  reveals impressions of the investigator and exposes what the DPA saw as an appropriate scope of

16  the investigation."  Reply at 3.  According to Defendants, "simply show[ing] this photograph out

17  of context would be misleading, and to reveal it publicly as part of the DPA file would raise

18  [concerns regarding revealing the scope of the DPA investigation]."  *Id*.  Defendants have not

19  explained how the photograph of the memorial could be "misleading" out of context, and while it

20  is certainly possible that disclosing *some* aspects of the DPA investigation could be prejudicial, the

21  Court is not persuaded that any prejudicial inference could be drawn from disclosing that this

22  particular photograph was taken by an investigator.  Defendants thus have not shown

23  particularized harm that would result from disclosure, and their motion is DENIED as to this

24  photograph.

25       **D.    The Administrative Motion to File Under Seal Is Denied**

26       Plaintiff filed an administrative motion to file portions of her opposition brief under seal

27  solely on the basis that it addresses documents that Defendants designated as confidential.  Under

28  Civil Local Rule 79-5(e), which Plaintiff cites in her administrative motion, Defendants were

required to file a responsive declaration in support of sealing the material at issue no later than four days after the Plaintiff filed the administrative motion, Civ. L.R. 79-5(e)(1), but did not do so. Regardless, it appears that the only material designated as confidential that is disclosed in the redacted portions of the opposition brief is the photograph discussed above, which the Court holds is not properly designated as confidential.  The administrative motion is therefore DENIED, and Plaintiff shall file an unredacted version of her opposition brief in the public record no earlier than May 7, 2021 and no later than May 13, 2021.  *See* Civ. L.R. 79-5(e)(2).

Plaintiff is admonished that the unredacted versions of documents filed in conjunction with any future administrative motion to file under seal "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version, and prominently display the notation 'UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.'"  Civ. L.R. 79-5(d)(1)(D).

## IV.   CONCLUSION

For the reasons discussed above, Defendants' motion is DENIED as to the photograph designated as CCSF 2469, and the Court declines to resolve the propriety of any other confidentiality designations at this time.  The parties shall meet and confer to resolve any *relevant* disputed designations in advance of summary judgment or trial.

Plaintiff's administrative motion to file under seal is DENIED, and Plaintiff is ORDERED to file her opposition brief in the public record no earlier than May 7, 2021 and no later than May 13, 2021.

**IT IS SO ORDERED.**

Dated: May 3, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

8