# EXHIBIT H

**DECLARATION OF HUNTER W. SIMS III**

**IN SUPPORT OF DEFENDANTS'**

**MOTION FOR SUMMARY JUDGMENT**

1  **JOHN L. BURRIS, Esq. SBN 69888**
   **ADANTÉ D. POINTER Esq. SBN 236229**
2  **MELISSA C. NOLD, Esq. SBN 301378**
   **LAW OFFICES OF JOHN L. BURRIS**
3  Airport Corporate Centre
   7677 Oakport Street, Suite 1120
4  Oakland, California 94621
   Telephone: (510) 839-5200
5  Facsimile: (510) 839-3882
   john.burris@johnburrislaw.com
6  adante.pointer@johnburrislaw.com
   melissa.nold@johnburrislaw.com
7
   Attorneys for Plaintiff
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY O'NEIL, individually and as Successor-In-Interest to Decedent KEITA O'NEIL, | CASE NO.: 3:17-cv-7190 JCS |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT TULASAN'S INTERROGATORY, SET ONE** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; CHRISTOPHER SAMAYOA, individually and in his capacity as a City of San Francisco Police Officer; EDRIC TALUSAN, individually and in his official capacity as a San Francisco Police Officer; and DOES 1-50, inclusive. | |
| Defendants. | |

**REQUESTING PARTY:**   Defendant Tulasan

**RESPONDING PARTY:**   Plaintiff

**SET NO.:**   ONE

7) The entirety of the Department of Police Accountability investigatory records demonstrating CITY's failure to terminate, discipline or retrain officers involved in a shooting incident from 5 year prior to and up and until today.

**INTERROGATORY NO. 5:**

IDENTIFY all witnesses YOU contend support the Third Cause of Action (Monell) – 42 U.S.C. section 1983 of YOUR First Amended Complaint.

**RESPONSE NO. 5:**

Objections: Calls for expert opinions. Attorney client privilege. Attorney work product. Discovery is ongoing and depositions have not yet been completed, so plaintiff reserves her right to supplement responses by way of reference to future deposition transcripts. Plaintiff possesses no knowledge of federal and/or state law and must rely solely on representations of counsel. Plaintiff cannot provide verifications of interrogatories intended solely for counsel.

Notwithstanding the foregoing objections, this list is not conclusive and may be supplemented by expert opinions on police tactics and training. The following persons support Plaintiff's third cause of action:

    1.) SFPD Chief Scott

    2.) Former SFPD Chief Suhr

    3.) DPA Department Head

    4.) District Attorney Gascon

    5.) San Francisco City Attorney Dennis Herrera

    6.) The involved shooting and supervisory officers who engaged and/or ratified the conduct of the shooting officers involved in the Woods, Moore, Nieto, Lopez, Gongora and several other officer involved shooting incidents.

**INTERROGATORY NO. 6:**

Describe with particularity the allegedly unconstitutional policy of the San Francisco Police Department that YOU contend support the Third Cause of Action (Monell) – 42 U.S.C. section 1983

described in paragraphs 33-34 and 37-39 of YOUR First Amended Complaint regarding alleged training deficiencies that would give rise to liability?

**RESPONSE NO. 6:**

Objections: Cumulative. Calls for expert opinions. Attorney client privilege. Attorney work product. Discovery is ongoing and depositions have not yet been completed, so plaintiff reserves her right to supplement responses by way of reference to future deposition transcripts. Plaintiff possesses no knowledge of federal law and must rely solely on representations of counsel. Plaintiff cannot provide verifications of interrogatories intended solely for counsel.

Notwithstanding the foregoing objections, this list is not conclusive and may be supplemented by expert opinions on police tactics and training. San Francisco Police Department Police Academy and San Francisco Police Department Field Training Program are the only entities who provided police training to Defendant, who was on his fourth day of field training when he shot and killed Decedent. Defendant's deficient training is evidenced by his actions on the date of the incident and compete failure to follow routine training. Defendant Samayoa's actions clearly demonstrate deficient training and/or an absence of training. Defendant Tulasan's failure to prevent Defendant Samayoa from shooting an unarmed man who was not endangering anyone at the time of the deployment of deadly force is further evidence of deficient training from the Field Training Program staff. Responding Party identifies Defendant's Use of Force and Field Training Policies.

**INTERROGATORY NO. 7**:

Describe with particularity the allegedly unconstitutional policy of the San Francisco Police Department that YOU contend support the Third Cause of Action (Monell) – 42 U.S.C. section 1983 described in paragraphs 35-39 of YOUR First Amended Complaint regarding alleged supervision defects that would give rise to liability?

**RESPONSE NO. 7:**

Objections: Cumulative. Calls for expert opinions. Attorney client privilege. Attorney work product. Discovery is ongoing and depositions have not yet been completed, so plaintiff reserves her right to supplement responses by way of reference to future deposition transcripts. Plaintiff possesses

no knowledge of federal law and must rely solely on representations of counsel. Plaintiff cannot provide verifications of interrogatories intended solely for counsel.

Notwithstanding the foregoing objections, this list is not conclusive and may be supplemented by expert opinions on police tactics and training. Defendant Tulasan's failure to prevent Defendant Samayoa from shooting an unarmed man who was not endangering anyone at the time of the deployment of deadly force is evidence of deficient training from the Field Training Program staff. Defendant Tulasan's gross failure to supervise his trainee officer gives rise to liability upon the entity who failed to train and or supervise the Field Training Officers. Responding Party identifies Defendant's Use of Force and Field Training Policies.

**INTERROGATORY NO. 8**:

Do YOU contend that DEFENDANT OFFICER TALUSAN is liable for any damages arising out of this INCIDENT?

**RESPONSE NO. 8:**

Objections: Cumulative. Calls for expert opinions. Attorney client privilege. Attorney work product. Discovery is ongoing and depositions have not yet been completed, so plaintiff reserves her right to supplement responses by way of reference to future deposition transcripts. Plaintiff possesses no knowledge of federal and/or state law and must rely solely on representations of counsel. Plaintiff cannot provide verifications of interrogatories intended solely for counsel.

Notwithstanding the foregoing objections, yes

**INTERROGATORY NO. 9**:

Please IDENTIFY each and every legal theory that YOU believe makes DEFENDANT OFFICER TALUSAN liable for this INCIDENT.

**RESPONSE NO. 9:**

Objections: Cumulative. Calls for expert opinions. Attorney client privilege. Attorney work product. Vague and ambiguous as to "legal theory" an is therefore unintelligible as phrased. Discovery is ongoing and depositions have not yet been completed, so plaintiff reserves her right to supplement responses by way of reference to future deposition transcripts or written discovery

continuing his path of travel. (See P.O.S.T. Learning Domains and San Francisco Police Department Police Academy training manuals, Baton).

(6) **Backup Officers**: Defendant was P.O.S.T. trained to utilize his fellow officers to assist in capturing potential suspects. There is no conceivable reason Defendant could not have summoned backup officers to assist him in detaining Decedent. (See P.O.S.T. Learning Domains and San Francisco Police Department Policies and Police Academy training manuals).

(7) **Non-lethal projectiles:** Defendant was P.O.S.T. trained to deploy non-lethal projectile rounds to gain suspect compliance. There is no conceivable reason Defendant could not have deployed non-lethal projectiles to subdue the unarmed man who was on foot. (See P.O.S.T. Learning Domains and San Francisco Police Department Policies and Police Academy training manual.)

(8) **Perform threat assessment**: Defendant was P.O.S.T. trained to perform a threat assessment prior to using deadly force. At minimum, Defendant Samayoa was obligated to assess the threat presented by a slightly built, unarmed man, on foot. (See P.O.S.T. Learning Domains and San Francisco Police Department Police Academy training manual for Use of Deadly Force.)

(9) Devise a reasonable plan of action to bring DECEDENT into custody.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: January 3, 2018      /s/Melissa C. Nold,
JOHN L. BURRIS
ADANTE D. POINTER
MELISSA C. NOLD
PATRICK BUELNA
Counsel for Plaintiff

## LAW OFFICE OF JOHN L. BURRIS
7677 Oakport Street Suite 1120 Oakland, Ca. 94621 (510)839-5200 www.johnburrislaw.com

### CERTIFICATE OF SERVICE

*O'Neil v CCSF*

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA:**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; My business address is 7677 Oakport Street, Suite 1120, Oakland, California 94621. On the date below, I served on the named parties and / or counsel of record:

> Sean Connolly, Esq.
> City Attorney's Office
> 1350 Market Street, 6th Floor
> San Francisco Ca 94102

The following documents in the manner checked below:

*Plaintiff's Responses to RPD 2, Samayoa Interrogatory, Talusan Interrogatory + City Interrogatories*

☒ **(VIA MAIL – CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service at Oakland, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐ **(VIA PERSONAL DELIVERY – CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by _____, in the ordinary course of my firm's business practice.

☐ **(VIA E-MAIL OR ELECTRONIC TRANSMISSION – CCP §§ 1013(e), 2015.5, CRC 2008)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail address(es) or the facsimile number listed above. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

☐ **(VIA OVERNIGHT MAIL/ COURIER – CCP §§ 1013(c), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on 1/8/19 in Oakland, California.

*/s/ Melissa Nold*
MELISSA NOLD