DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
HUNTER W. SIMS III, State Bar #266039
RYAN STEVENS, State Bar #306409
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4259 (Sims)
Telephone:    (415) 554-3975 (Stevens)
Facsimile:    (415) 554-3837
E-Mail:       hunter.sims@sfcityatty.org
E-Mail:       ryan.stevens@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
CHRISTOPHER SAMAYOA and EDRIC TALUSAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY O'NEIL, individually and as successor-in-interest to Decedent KEITA O'NEIL, through her Guardian Ad Litem, APRIL GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; CHRISTOPHER SAMAYOA, individually and in his capacity as a City of San Francisco Police Officer; EDRIC TALUSAN, individually and in his official capacity as a San Francisco Police Officer; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 17-cv-07190 JCS<br><br>**DECLARATION OF LIEUTENANT ARRAN PERA IN SUPPORT OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, OFFICER CHRISTOPHER SAMAYOA AND OFFICER EDRIC TALUSAN'S MOTION FOR SUMMARY JUDGMENT**<br><br>Trial Date:    October 12, 2021 |

I, Arran Pera, declare as follows:

1. I am a lieutenant in the San Francisco Police Department ("SFPD" or "Department") assigned to the Legal Division. As a result of my various official duties, I am familiar with SFPD personnel, training and disciplinary records, and records of the Department of Police Accountability ("DPA"), which was previously known as the Office of Citizen Complaints ("OCC"). I am also familiar with the disciplinary policies and procedures of the SFPD. As a sworn member of the Department and a supervisor, I have a working knowledge and access to Department general orders, and knowledge of the kinds of training provided by the Department to its members for arrests, de-escalation, and use of force. I have personal knowledge of the contents of this declaration, and, if called upon to testify, I could and would testify competently to the contents of this declaration.

2. In my role described above, I am aware of the fact that the City and County of San Francisco is committed by Section 4.127 the City Charter to investigate citizen complaints against police officers through an independent watchdog agency. Prior to 2016, the OCC was charged with investigating citizen complaints concerning the conduct of on-duty police officers. Pursuant to a Charter Amendment adopted by the voters in 2016, that function was shifted to the DPA. Between 2015 and 2016, there was no substantial difference between the process used by the OCC and the DPA.

3. Each complaint received by the OCC or DPA was fully investigated by a staff of trained investigators. Complaints of misconduct are not in and of themselves proof that such misconduct was committed. Complaints themselves may be meritless, frivolous, mistaken, or otherwise without legal or factual basis. Where a complaint was investigated and substantiated, the OCC/DPA would make a finding sustaining such complaint and refer the officer to the Department for discipline. The officer could contest that finding through a Department or Police Commission hearing process. If the OCC/DPA recommends sustaining a complaint and the Department declined to discipline the officer or if the OCC/DPA believed more severe discipline should be imposed, OCC/DPA had the option of bringing disciplinary charges against the officer before the Police Commission.

Pera Dec ISO MSJ
O'Neil v. CCSF, et al., No. 17-cv-7190 JCS

2

n:\lit\li2018\180642\01244033.docx

4. In addition to the investigation and possible discipline regarding citizen complaints described above, the SFPD has a long standing written policy that complaints of misconduct be taken seriously and that such complaints be systematically reviewed in order to learn of officer behavior or patterns that need to be addressed. The policy is contained in the Department General Orders 3.19 (Early Intervention System) and 5.01(VII) (Use of Force Reporting), which address San Francisco Police officers who receive complaints of excessive force. The Early Intervention System policy dictates the Department's handling and response to officers who fall within its guidelines. The policy identifies officers with a pattern of behavior and requires an elevated course of counseling and training for those officers who meet certain criteria within the policy. Officers come within the scope of the program based on the number of citizen complaints, documented uses of force, and other potential indicators. A true and correct copy of General Order 3.19 is attached hereto as **Exhibit A**; a true and correct copy of General Order 5.01 is attached hereto as **Exhibit B**.

5. The SFPD also has a specialized unit called Internal Affairs that investigates complaints of misconduct, including complaints of excessive force, made by officers and employees of the SFPD against officers.

6. The SFPD has a policy that complaints of misconduct be taken seriously and that such complaints be systematically reviewed in order to learn of officer behavior or patterns that need to be addressed.

7. The SFPD has a long-standing policy that prohibits officers from using unreasonable force that was updated in December 2016, e.g., General Order 5.01 regarding the use of force (Exhibit B hereto). The Department also has policies regarding lawful arrests, including General Order 5.04 regarding citizens arrests (a true and correct copy of which is attached hereto as **Exhibit C**). In addition, in December 2016 the Department adopted DGO 5.21 regarding the Crisis Intervention Team (a true and correct copy of DGO 5.21 is attached hereto as **Exhibit D**). SFPD officers receive regular training related to the use of force, the use of firearms, arrests, and de-escalation, including in the academy, through on-the-job training, Department Bulletins, and through their continuing professional training known as Advanced Officer Training. The above-referenced policies prohibit false arrest, as well as other unconstitutional

acts, and has policies that encourage officers to de-escalate situations whenever feasible to do so. All SFPD training meets the standards set by California's Peace Officer Standards and Training, known as POST.

I declare under penalty of perjury under the laws of the United States that the preceding declaration is true, and that this declaration was executed on May 10, 2021, at San Francisco, California.

_____
Lt. Arran Pera