**JOHN L. BURRIS, ESQ., SBN 69888**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Email: John.Burris@johnburrislaw.com

**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140
Oakland, CA 94612
Tel: (510) 929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

**MELISSA C. NOLD, Esq. SBN 301378**
**NOLD LAW**
Russo Building
521 Georgia Street
Vallejo, California 94590
Telephone: (707)644-4004
melissa@noldlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF JUDY O'NEIL, by and thru her guardian ad litem, APRIL GREEN;<br><br>          Plaintiff(s),<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>          Defendant(s). | Case No.: 3:17-cv-07190-JCS<br><br>**PLAINTIFF'S NOTICE AND MOTION TO COMPROMISE JUDY O'NEIL'S CLAIMS**<br><br>**DATE:** April 15, 2021<br>**TIME:** 9:30 AM<br>**CRT:** Zoom Conference<br><br>HON. JOSEPH C. SPERO |

1

2    **PLEASE TAKE NOTICE** that on April 22, 2022 at 9:30 a.m., or as soon as this matter may be

3    heard in front of the Honorable Joseph C. Spero, in the United States District Court, Northern

4    District, 450 Golden Gate Avenue, CA 94102, Courtroom F, 15th floor, Plaintiff moves to

     compromise and settle her claims.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ii

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.    INTRODUCTION

Plaintiff's Counsel hereby submits this motion to compromise Plaintiff Judy O'Neil's claims against the City and County of San Francisco, et al. arising from the December 1, 2017 shooting death of her son, Keita O'Neil.

## II.    PROCEDURAL HISTORY

**CLAIMS:**

Plaintiff Judy O'Neil filed a complaint for wrongful death and Fourteenth Amendment familial loss claims along with successor-in-interest claims for her son, Decedent Keita O'Neil's excessive force claims. (ECF 1).

**PLAINTIFF BECAME INCOMPETENT:**

During the course of litigation, Plaintiff Judy O'Neil suffered medical complications that caused her to become incompetent. (ECF 83-87). As a result, her biological sister and current caretaker, Ms. April O'Neil petitioned this Court to be appointed her guardian ad litem under Rule 17 (c) – and the Court granted the petition on November 6, 2019. (ECF 83-87, 89).

**ATTORNEY WORK PERFORMED:**

Over the three and a half years of litigation, Plaintiffs' four counsels of record conducted pre litigation discovery (visited the scene, conducted interviews and performed legal and background research), filed three complaints, reviewed over 6,000 documents (incident videos, interview transcripts, audio interviews and investigative reports), drafted and filed over twelve (12) motion briefs including *Daubert* and summary judgment motions, and took or defended seventeen (17) witness and expert witness depositions. (Declaration of Patrick Buelna "Buelna Decl.").

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1    It is worth noting, Ms. Green assisted counsel in the litigation by gathering and

2  providing pictures, letters, medical records and other items of importance which enhanced

3  Plaintiff's case. Ms. Green also became her nephew's voice by speaking at public events to

4  highlight her sister's loss and her nephew's death. (Buelna Decl.)

5  **COSTS:**

6    Plaintiff's counsels advanced $29,964.60 in litigation costs. (Buelna Decl., **Ex. 1** –

7  Itemized Litigation Costs).

8  **CONTINGENCY FEE AGREEMENT:**

9    When Plaintiff Judy O'Neil retained Plaintiff's counsels she agreed to a contingency fee

10 agreement. ((Buelna Decl., **Ex. 2 –** Retainer). The agreement called for Plaintiff's counsels to

11 pay for all costs related to the case and invest all attorney hours up front - until the case either

12 settled or resulted in a jury verdict. (Id.)

13

14   The agreement further provides that in the event that Plaintiff neither prevailed at trial

15 nor settled the case, Plaintiff Judy O'Neil would not have to reimburse and/or pay Plaintiff's

16 counsels for the advanced costs and invested attorney hours. (Id.) However, in the event the

17 case settled or resulted in a jury verdict in favor of Plaintiff, Plaintiff agreed to reimburse

18 Plaintiff's counsels for the advanced litigation costs and attorney fees in the form of a

19 percentage of the settlement and/or verdict and repay the advanced costs. (Id.)

20   In this case, Plaintiff Judy O'Neil agreed to pay Plaintiff's counsels 40% of the

21 settlement proceeds if the case were settled as least 91 days before the pretrial conference, and

22 45% of the settlement proceeds if the case were settled within 90 days of the pretrial conference

23 or afterwards. The case settled for $2.5 million dollars, 65 days before the October 1, 2021 pre-

24

25

26

trial conference on July 28, 2021. (Buelna Decl.; ECF 181). Per the Agreement, Plaintiff's counsel is entitled to 45% of the total settlement amount and any advanced costs.

**PROPOSED DISTRIBUTION OF THE TOTAL SETTLEMENT AMOUNT:**

Per the Contingency Fee Agreement the Total Settlement Amount is to be distributed in the following way:

Total Settlement Amount:    +    $2,500,000.00

Attorney's Fees (45%):    -    $1,125,000.00

Advanced Costs:    -    $   29,964.60

Balance to be Paid to Plaintiff:    $1,345,035.40

Total Amount to be Paid to Plaintiff's four (4) counsels for attorney's fees and costs: $1,154,964.60

**PLACEMENT OF PLAINTIFF'S PORTION OF THE SETTLEMENT FUNDS:**

Plaintiff's Guardian Ad Litem Ms. April Green retained the Urbatsch Law Firm, P.C. to establish a conservatorship and/or trust for Judy O'Neil. (Buelna Decl.) It is Plaintiff's counsels' understanding that the paperwork is nearing completion and the conservatorship and/or trust will be established shortly. (Buelna Decl.) Ms. Green and/or the Urbatsch Law Firm will provide the Court with the details concerning the conservatorship and/or trust. (Buelna Decl.)

**FEE DISPUTE:**

Plaintiff's Guardian Ad Litem raised a dispute in regards to the contingency agreement fee percentage. (Buelna Decl.) Plaintiff's guardian ad litem does not want to pay the 45% attorney's fee and contends the amount should be reduced. (Buelna Decl.) Plaintiff's Counsels and the Guardian Ad Litem have had direct discussions as well discussions facilitated by the

court to work toward resolving this dispute. Nevertheless, they were unable to reach an

agreement. (Buelna Decl.)

Plaintiff's guardian ad litem will file her own brief and/or declaration concerning the fee

dispute. (Buelna Decl.)

### III.    LEGAL ANALYSIS

Federal Rules of Civil Procedure Rule 17 permits a representative to sue on the behalf of

an incompetent person. FRCP 17(c). Rule 17 mandates that district courts safeguard the

interests of litigants who are incompetent and approve the settlements. *See Robidoux v.*

*Rosengren*, 638 F.3d 1177 (9th Cir. 2011).

District courts should focus on the net recovery to the plaintiff rather than the attorney

fees. *See Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011). A district court should

"conduct its own inquiry to determine whether the settlement serves the best interests of the"

minor or incompetent. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978).

Ultimately, the court should approve the settlement if it is "fair and reasonable in light of [the]

claims and average recovery in similar cases". *See Robidoux*, 638 F.3d at 1182.

Here, Plaintiff Judy O'Neil settled her claims for $2.5 million which is well within the

accepted spectrum of settlements for wrongful death cases involving police. *See Roy Nelson v.*

*City of Hayward*, Case No. 3:16-cv-07222-SK at ECF 125 (settling claims for $1 million where

officers asphyxiated a nonviolent, non-resistive man during a mental health crisis)[1]; *Woods v.*

---

[1] "'I can't breathe:' Hayward to pay $1 million to family of man who died in police custody"
https://www.mercurynews.com/2019/10/08/i-cant-breathe-city-to-pay-1m-to-family-of-man-who-died-in-police-custody/

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1   *City and County of San Francisco*, Case No.: 3:15-cv-05666-WHO (settling claims for $400

2   thousand where officers shot a man that they believed had just stabbed someone)[2].

3        33-45% contingency fee retainers are not uncommon.[3] Rule 1.5 of the California Bar

4   considers the factors of the relevant counsel's hourly rates, the sophistication of the case, the

5   skill it requires, the nature and length of the case, the experience, reputation, and ability of the

6   lawyers performing the services to evaluate an attorney's fees. Here, every attorney of record

7   specializes in 1983 litigation specifically related to the use of excessive force at the hands of

8   law enforcement. They have collectively tried dozens of cases, succeeded at appellate courts

9   and the Supreme Court. (Buelna Decl.)

10       Here, per the Contingency Agreement, Plaintiff Judy O'Neil would receive

11  $1,345,035.40 after paying attorney's fees of 45% of the total settlement amount and

12  reimbursing counsel for the advanced costs. Plaintiff's counsel would split amongst four

13  attorneys of record the $1,125,000 in attorney's fees for over three years of litigation punctuated

14  by extensive motion work, depositions, expert discovery and document review. A total of

15  $29,964.60 would be reimbursed for hard costs of depositions, expert fees, case filings…etc.

### IV.   CONCLUSION

16       For all of the aforementioned reasons, the Court should 1) approve the compromise of

17  Plaintiff's claims, 2) order how the total settlement amount will be split between Plaintiff's

18  counsel and Plaintiff according to what the court deems to be fair and reasonable after

---

[2] "SF to pay $400K settlement to mother of Mario Woods over fatal police shooting"
https://www.sfexaminer.com/the-city/sf-to-pay-400k-settlement-to-mother-of-mario-woods-over-fatal-police-shooting/

[3] https://www.dlawgroup.com/what-are-attorney-contingency-fees/#:~:text=Most%20contingency%20fee%20agreements%20provide,a%20final%20settlement%20or%20verdict

1   considering all relevant factors and further 3) order Plaintiff's share of the total settlement

2   amount be distributed to Plaintiff's counsel and thereafter placed in a conservatorship and/or

3   trust at the direction the Guardian Ad Litem, the Urbatch Law Firm or any other attorney

4   competent in conservatorship, trust formation and/or administration.

5

6   Dated:  March 16, 2022                    POINTER & BUELNA, LLP

7                                             LAWYERS FOR THE PEOPLE

8                                             /s/Patrick Buelna
                                              PATRICK M. BUELNA
9                                             Attorney for PLAINTIFF

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400