**JOHN L. BURRIS, ESQ., SBN 69888**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Email:  John.Burris@johnburrislaw.com

**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140
Oakland, CA 94612
Tel: (510) 929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

**MELISSA C. NOLD, Esq. SBN 301378**
NOLD LAW
Russo Building
521 Georgia Street
Vallejo, California 94590
Telephone: (707)644-4004
melissa@noldlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLAINTIFF JUDY O'NEIL, by and thru her guardian ad litem, APRIL GREEN;<br><br>       Plaintiff(s),<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>       Defendant(s). | Case No.: 3:17-cv-07190-JCS<br><br>[**PROPOSED**] ORDER COMPRISING PLAINTIFF JUDY O'NEIL'S CLAIMS<br><br>HON. JOSEPH C. SPERO<br><br>**GRANTED AS MODIFIED**<br>The Court's additions to the proposed order below are indicated by underlined text. |

**After holding a hearing on this matter and reviewing the court's case file the Court hereby ORDERS the following:**

1. The Compromise and resolution of Plaintiff Judy O'Neil's claims against all Defendants.

2. The Defendants have agreed and shall pay Plaintiff a total sum of $2,500,000.00 in exchange for Plaintiff dismissing the entire action with prejudice.

3. The total sum shall be distributed accordingly:

    a. $1,125,000.00 shall be paid to the Law Offices of John L. Burris for compensation as reasonable attorney's fees per the retainer agreement executed by Plaintiff and Attorney John Burris.

    b. $29,964.60 shall be paid to the Law Offices of John L. Burris to repay the case expenses that were advanced by the Law Offices of John L. Burris on Plaintiff's behalf.

    c. The remaining balance of $1,345,035.50 shall be made payable to "April O'Neil, Conservator of Judy O'Neil.[1]" Plaintiff's portion of the settlement funds will be delivered to the Conservator's attorney, Jessica Jones of the Urbatsch Law Firm.

4. <u>April Green, who has served as Plaintiff's guardian ad litem, filed objections to the settlement.  *See* dkt. 196.  She contends that the attorneys' fees are excessive because Plaintiff retained counsel while mentally incapacitated and subject to undue influence of a friend, and that counsel did not diligently prosecute the case.  Green was appointed as guardian ad litem on November 6, 2019.  Dkt. 89.  Her arguments now are severely</u>

---

[1] On April 7, 2022, Alameda County Superior Court Judge Bean appointed Ms. April O'Neil, Plaintiff's sister, her Conservator.

undermined by the more than two years that have elapsed since her appointment with no indication that she objected to Plaintiff's choice of counsel. Green has waited until Plaintiff received the benefit of the bargain by counsel prosecuting the case to a fair and satisfactory settlement before seeking to repudiate the retainer agreement. The Court finds that Green has not sufficiently substantiated her assertion that Plaintiff lacked capacity to enter the agreement at the time she did so; that even if she did, Green implicitly ratified the agreement after her appointment as guardian ad litem by failing to raise any objection to it or seek new counsel until after the case settled; and that Green has not shown errors by counsel that would require setting aside Plaintiff's agreement as to the amount of fees. Green's objection to the payment of fees is OVERRULED.

5. Green also seeks reimbursement of her own expenses totaling $476,922.12. The appointment of Green as guardian ad litem did not specifically contemplate reimbursement of any costs. Regardless, Green has shown no connection between the costs she seeks—which include trips to Disneyland, Hawaii, and Las Vegas—and her role as guardian ad litem. The request is DENIED. Any question of whether Green may be reimbursed for general caregiving costs is outside the scope of this case and should be resolved through the conservatorship.

**It is so ORDERED:**

Dated: May 11, 2022

JOSEPH C. SPERO
CHIEF MAGISTRATE JUDGE